# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ETHICON ENDO-SURGERY, INC. <br> ETHICON ENDO-SURGERY, LLC. <br><br> **Plaintiffs,** <br><br> v. <br><br> COVIDIEN, INC. and TYCO HEALTHCARE GROUP, LP <br><br> **Defendants.** | : Case No: 1:11-CV-871 <br> : <br> : <br> : **Judge Timothy S. Black** <br> : <br> : <br> : <br> : <br> : |

## AMENDED STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of Plaintiffs Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery, LLC (collectively, "Plaintiffs"), Defendants Covidien, Inc., and Tyco Healthcare Group, LP (collectively, "Defendants"), or other non-parties that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.);

WHEREAS, such confidential information must be protected in order to preserve the legitimate interests of the parties or other such persons;

WHEREAS Plaintiffs and Defendants have, through counsel, stipulated to the entry of this Protective Order for the purposes of advancing the progress of this case to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS the parties have established good cause for entry of this Order.

**IT IS HEREBY ORDERED** that:

I. **Definitions**

1.  For purposes of this Order:

    (a) The term "Confidential Information" includes only non-public information that the designating party reasonably believes in good faith constitutes or reveals proprietary or confidential trade secret, technical, business, financial, or personal information of the designating party for which the designating party could obtain a protective order against general dissemination.

    (b) The term "Highly Confidential Information" includes only non-public information that the designating party reasonably believes in good faith constitutes or reveals highly sensitive information, which if disclosed to persons of expertise in the area would be likely to reveal meaningful technical or business advantages of the designating party, including but not limited to: proprietary customer, supplier and distributor information, sensitive financial data, marketing and business plans or strategies for existing or new products or processes, and ongoing research and development for existing or new products or processes. Highly Confidential information is rebuttably presumed to exclude information that, although it may have at a previous time, no longer constitutes or reveals highly sensitive information due to the passage of time and information that discloses or reveals information that an expert could discern through use, examination, reverse engineering or public description of an existing product. The parties shall take care to only designate information that properly falls under the above definition as Highly Confidential.

    (c) The term "Protected Information" shall mean information designated as containing or comprising Confidential or Highly Confidential Information pursuant to the provisions of this Order. It shall apply to all information, documents and things within the scope of discovery in this action, that are in the custody or possession of or are owned or controlled by,

Plaintiffs, Defendants or other non-parties, including, without limitation, documents and things produced pursuant to Rules 26, 33, 34, or 36 of the Fed. R. Civ. P., any other information produced pursuant to discovery requests or disclosure requirements of the Court's scheduling order, information produced by other persons which the producing or designating party is under an obligation to maintain in confidence, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31 of the Fed. R. Civ. P., hearings or trial, as well as any other tangible things or objects that are designated as containing or comprising Confidential or Highly Confidential Information. The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed Protected Information. Information originally designated as Protected Information shall not retain that status after any ruling by the Court denying such status to it.

(d) The term "designating party" means the party or person designating documents or information as Protected Information under this Order.

(e) The term "receiving party" shall mean the party or person to whom Protected Information is disclosed.

(f) Notwithstanding anything to the contrary herein, the description of Protected Information shall apply to all that information so designated by the designating party absent an order of the Court or subsequent written agreement of the designating party providing otherwise.

## II. Designation of Confidential Information or Highly Confidential Information as Protected Information

2. Each designating party who produces or discloses any material that it believes contains or comprises Confidential or Highly Confidential Information shall designate the same

as Protected Information. With respect to documents or copies provided by one party to the other, the designating party shall prominently mark the initial page and the page or pages on which any Protected Information appears with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as the case may be. In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with either confidentiality designation in advance, but shall all be treated as HIGHLY CONFIDENTIAL materials. Only those persons identified in paragraph 6 subsections (a) and (c) below as permitted to view HIGHLY CONFIDENTIAL materials may be present at any such inspection. When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the appropriate confidentiality designation to the extent warranted under paragraph 1.

3. If any Confidential Information or Highly Confidential Information is produced by a non-party to this litigation pursuant to this Protective Order, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order. The parties recognize that during the course of this litigation, Confidential Information or Highly Confidential Information that originated with a non-party and for which there exists an obligation of confidentiality may be produced. Such information that the designating party believes originated with a non-party, but is subject to a confidentiality obligation may be designated as Protected Information and shall be subject to the restrictions on disclosure specified in Paragraphs 5-8.

4. In the event a party or person producing information, through inadvertence, produces or provides information without correctly designating it Protected Information as provided in this Protective Order, the producing party may give written notice to the receiving party or parties that the document, thing or other discovery information, response or testimony is Protected Information and shall be treated as Protected Information in accordance with the provisions of this Protective Order. The receiving party or parties must treat such documents, things, information, responses and testimony as Protected Information from the date such notice is received in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked documents, things, information, responses or testimony, the receiving party shall return or destroy said unmarked or incorrectly marked documents, things, information, responses and testimony and not retain copies thereof. Upon notice to the receiving party of such failure to designate, the receiving party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the inadvertently disclosed information, without prejudice.

### III. Disclosure of the Protected Information

5. Except as provided elsewhere in this Protective Order, information designated as Protected Information may be disclosed only to the individuals below.

6. Highly Confidential Information shall only be disclosed to:

(a) Outside legal counsel of record for Plaintiffs or Defendants, including outside counsel admitted pro hac vice, counsel from the same law firm as outside counsel of record, outside counsel retained to assist legal counsel of record for Plaintiffs or Defendants, and necessary paralegals, secretaries, and clerical personnel assisting all such counsel.

(b) Four (4) in-house legal counsel who are employed by Plaintiffs or

Defendants, whose advice and consultation are being or will be used by Plaintiffs or Defendants for purposes of this litigation, and necessary paralegals, secretaries, and clerical personnel assisting such counsel, as long as these personnel comply with the procedure of Paragraph 15 herein.

    (c)  Outside consultants or experts and their staff, whose advice and consultation are being or will be used by Plaintiffs or Defendants for purposes of this litigation, who are not current officers, directors, or employees of Plaintiffs or Defendants, as long as these personnel comply with the procedure of Paragraph 15 herein. Nothing herein shall prevent Fed. R. Civ. P. 26(a)(1) fact witnesses from serving in the role of outside consultant or expert. If any receiving party desires to disclose Protected Information under this provision, it must provide written notice to the counsel of record for the designating party and identify each such expert or consultant and provide a fully executed copy of Exhibit 1 completed by the proposed expert or consultant and a curriculum vitae or similar information regarding the expert's or consultant's employment and affiliations. If the designating party does not within ten (10) days of receipt of such notice object in writing to the counsel of record for the receiving party setting forth the grounds for the objection and stating whether it objects to the disclosure of Highly Confidential Information, Confidential Information, or both, the Protected Information may then be disclosed to the expert or consultant. If timely objection is made and the parties cannot resolve the issue, the receiving party may thereupon seek an appropriate order from the Court allowing disclosure of the Protected Information to the proposed expert or consultant, and the designating party shall have the burden of proof with respect to the propriety of its objection and prevention of the proposed expert or consultant from reviewing the Protected Information. The disclosure of the identity of a consulting expert will not be a waiver of any privilege that applies to

communications with that expert or the expert's work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

   (d) Each person or service contracting firm retained by Plaintiffs or Defendants for the purpose of photocopying, microfiching, translating, litigation database management and/or operation, or other clerical functions as long as these personnel comply with the procedure of Paragraph 15 herein.

   (e) Each person or service contracting firm retained by Plaintiffs or Defendants for the purpose of producing graphic or visual aids or exhibits, as long as these personnel comply with the procedure of Paragraph 15 herein.

   (f) The Court, Court personnel, and Official Court Reporters to the extent that Protected Information is disclosed at a deposition or court session which such reporter is transcribing.

  7. Confidential Information shall be disclosed only to the following individuals:

   (a) Those persons qualified to receive Protected Information under Paragraph 6 above.

   (b) In-house legal counsel who are employed by Plaintiffs or Defendants, whose advice and consultation are being or will be used by Plaintiffs or Defendants for purposes of this litigation, and necessary paralegals, secretaries, and clerical personnel assisting such counsel, as long as these personnel comply with the procedure of Paragraph 15 herein.

   (c) Fed. R. Civ. P. 26(a)(1) fact witnesses or inside consultants, whose advice and consultation are being or will be used by Plaintiffs or Defendants for purposes of this litigation, as long as these personnel comply with the procedure of Paragraph 15 herein. If any

receiving party desires to disclose Protected Information under this provision to an individual, it must provide written notice to the counsel of record for the designating party that includes the identity of each such individual, a fully executed copy of Exhibit 1 completed by the individual, and a description of why the individual should have access to the Protected Information. If the designating party does not within ten (10) days of receipt of such notice object in writing to the counsel of record for the receiving party setting forth the specific grounds for the objection to the disclosed individual, the Protected Information may then be disclosed to that individual. If timely objection is made and the parties cannot resolve the issue, the receiving party may thereupon seek an appropriate order from the Court allowing disclosure of the Protected Information to the proposed witness or consultant, and the designating party shall have the burden of proof with respect to the propriety of its objection and prevention of the proposed witness or consultant from reviewing the Protected Information.

8. The foregoing lists in Paragraphs 6-7 may be expanded by mutual agreement in writing by counsel for Plaintiffs and Defendants.

### IV. Additional Obligations and Limitations

9. All information designated as Protected Information pursuant to this Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation and not for any business or competitive purposes including, but not by way of limitation, any use of such information for research, development, manufacture, sales or marketing of any product by or for the receiving party, or for, or in connection with, the preparation or prosecution of any patent application by or on behalf of the receiving party, or use in any other legal proceeding, except as permitted by order of the Court or as agreed by the parties. It shall be the duty of each party and each individual having notice of this Protective

Order to comply with this Order from the time of such notice.

10. All deposition testimony shall be treated as containing Highly Confidential Information and subject to this Protective Order until a time twenty (20) calendar days after the transcript of such testimony is received. In the event that a party wishes testimony or information disclosed at a deposition to be treated as Protected Information thereafter, a party shall designate such testimony or information as Protected Information by notifying the other party in writing, within twenty (20) calendar days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript which contain Confidential or Highly Confidential Information. Documents and things already designated as Confidential or Highly Confidential Information which are used as exhibits shall remain as such. If during a Court proceeding, Confidential or Highly Confidential Information is likely to be revealed, any party may request that the proceeding be held <u>in camera</u>. If such request is granted by the Court, the transcript of such proceeding shall be treated as a deposition transcript for the purposes of the Order.

11. This Protective Order is intended to provide a mechanism for handling the disclosure or production of Confidential or Highly Confidential Information to which there is no objection other than confidentiality. Neither the agreement of the parties with respect to Protected Information, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue on the merits in this action. Each party reserves the right to object to any disclosure of information or production of any documents it deems to contain Confidential or Highly Confidential Information on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism herein set forth or the application of this Order in any particular circumstance.

12. This Protective Order may be amended with respect to (a) specific documents or items of Protected Information or (b) persons to whom Protected Information may be disclosed by Court order or by written agreement of the parties hereto. This Protective Order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court.

13. Within sixty (60) days after the final termination of this action (including all appeals), all documents, objects, and other materials produced as or designated as Protected Information, including extracts or summaries thereof, and all reproductions thereof, shall be returned to the designating party or shall be destroyed, at the option of counsel in possession of such copies. If the materials are destroyed, counsel responsible for the destruction shall within seven (7) days of such destruction certify to counsel for the designating party that destruction has taken place. However, outside counsel of record for each party may retain (a) one copy or sample of all material designated Protected Information for reference in the event of disputes over the use or disclosure of such material, (b) documents, things, copies and samples to the extent they include or reflect receiving attorney's work product, and (c) one copy of pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits and the trial record, and (d) one copy of correspondence which may or may not refer to or include Protected Information.

14. No party or person shall disclose or cause to be disclosed to anyone not specified in Paragraphs 5-8 or Paragraphs 18-19 as being entitled to receive it, any information designated as Protected Information under this Protective Order without prior written consent of the designating party or an Order of this Court. If the receiving party learns that Protected Information produced to it is disclosed to any person other than in the manner authorized by this Order, the receiving party learning of the disclosure must immediately inform the designating

party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

15. As specified in Paragraphs 5-8, all required persons must first sign a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto) before gaining access to Protected Information. For a firm or business, the statement shall be signed by a person authorized to bind the business entity. A file of all such original written Declarations shall be maintained by counsel for the party obtaining them.

16. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Protective Orders.

17. Except to the extent specified in Paragraph 19, nothing contained in this Protective Order shall be construed to restrain a party or non-party from disclosing its own Protected Information as it deems appropriate. Nothing contained in this Protective Order shall be construed to require production of any Protected Information deemed by counsel for the party or non-party possessing such material to be privileged or otherwise immune from discovery. This shall not preclude any party from moving the Court for an Order compelling production or disclosure of such material.

18. Nothing contained in this Protective Order shall be construed to limit any party's rights: (a) to use, in taking depositions of another party, its employees, or its experts, or in briefs or at trial or in any proceeding in this litigation, any Protected Information of the other party, or (b) to disclose Protected Information to any witness at a deposition or at trial in this litigation who either authored (in whole or in part), received, or lawfully has or had access to such information. In addition, a witness may be shown any document that contains or reveals

Protected Information if the witness is a present officer, director, or employee of the designating party. However, any Confidential or Highly Confidential Information so used shall not lose its confidential status through such use, and its confidentiality shall be protected in conformance with this Order.

19. If at depositions, trial, or any proceeding in this litigation, a designating party intends to show or use any document that contains or reveals its Protected Information to a witness who does not have access to the document under this Protective Order, the designating party must give notice to the receiving party twenty (20) days prior to the deposition, trial, or proceeding, and shall allow the receiving party to disclose the Protected Information to the witness, so long as the witness complies with the procedure of Paragraph 15 herein.

20. If counsel believe that any question or questions that will be put to a witness at a deposition or at trial in this action will disclose material designated as Protected Information, or that answers to any question or questions will require such disclosure, or if material designated Protected Information will be used as an exhibit at such a deposition, counsel shall advise opposing counsel of same, and the deposition (or confidential portions thereof), shall be conducted only in the presence of persons entitled under the terms of this Protective Order to access to Protected Information.

21. Nothing herein shall prevent a receiving party from contending (for the purposes of securing an order so providing from the Court) that any or all Protected Information is not confidential or otherwise not entitled to protection. Any receiving party may at any time request that the designating party cancel or change the Protected Information designation with respect to any document, object or information. Such request shall be written, shall be served on counsel for the designating party, a nd shall particularly identify the designated Protected Information

that the receiving party contends is not Confidential or Highly Confidential and the reasons supporting its contention. If the designating party does not agree to remove or change the Protected Information designation, then the receiving party shall file a motion to be relieved from the restrictions of this Order with respect to the document or information in question, and the designating party shall have the burden of proving that its designation was appropriate. Production of documents and things for purpose of inspection and copying shall not constitute a waiver of confidentiality, privilege or immunity from discovery as to such documents or any other information.

22. The restrictions and obligations set forth herein relating to material designated as Protected Information shall not apply to any information which: (a) the parties (and, if another non-party produced Protected Information, such non-party) agree, or the Court rules, is already public knowledge; (b) the parties (and any respective producing non-party) agree, or the Court rules, has become public knowledge other than as a result of disclosure by a receiving party, its employees or agents in violation of this Protective Order; (c) has come or shall come into a receiving party's legitimate possession independently of the producing party; or (d) has been independently developed by or for the party without use of, or reference to, the other party's Protected Information.

23. In accordance with United States District Court for the Southern District of Ohio Local Civil Rules 79.3, any documents which contain Protected Information, if filed with this Court, shall be filed under seal and shall be made available only to the Court and to persons authorized under the terms of this Order.

24. All documents and things produced by a party for inspection by the other shall be retained by the party producing the same and, during the pendency of this litigation, shall be

made available for reinspection for good cause pursuant to the terms of this Order on reasonable notice and at reasonable times upon request.

25. In the event any party having possession, custody or control of any Protected Information disclosed pursuant to this Order receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this litigation, such party shall notify the outside counsel of record for the designating party within ten (10) days of receipt of the subpoena, furnish such counsel with a copy of said subpoena or other process or order, and cooperate regarding all reasonable procedures sought to be pursued by the designating party whose interest may be affected, to maintain the confidentiality of such Protected Information. The designating party shall have the burden against defending against such subpoena, process or order. The party who received the subpoena, process or order shall be entitled to comply with it except to the extent the designating party asserting the Protected Information designation is successful in obtaining an order modifying or quashing the subpoena, process or order.

26. The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently

produced privileged material shall be destroyed. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

27. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his examination of, but without disclosing, Protected Information (except to the extent permitted by this Order).

28. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

29. This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Protected Information is disclosed hereunder.

30. This Court shall retain jurisdiction regarding all future disputes relating to this Order.

/s/David E. Schmit
David E. Schmit
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Telephone: (513) 651-6800
Facsimile: (513) 651-6981

William F. Cavanaugh Jr.
Chad J. Peterman
Charles D. Hoffman
PATTERSON BELKNAP
 WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

/s/Robert A. Pitcairn Jr.
Robert A. Pitcairn Jr.
James F. McCarthy III
KATZ, TELLER, BRANT & HILD
255 East Fifth Street, Suite 2400
Cincinnati, OH 45202
Telephone: (513) 977-3477
Facsimile: (513) 762-0077

Drew Wintringham
Frank Ryan
Mark Rueh
DLA PIPER
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Erica J. Pascal
DLA PIPER
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 699-2700
Facsimile: (619) 699-2701

**IT IS HEREBY ORDERED.**

Dated: August 22, 2012

_Timothy S. Black_
Timothy S. Black
United States District Judge

## EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **ETHICON ENDO-SURGERY, INC.** | : | **Case No: 1:11-CV-871** |
| **ETHICON ENDO-SURGERY, LLC.** | : | |
| **Plaintiffs,** | : | **Judge Timothy S. Black** |
| v. | : | |
| **COVIDIEN, INC. and TYCO** | : | |
| **HEALTHCARE GROUP, LP** | : | |
| **Defendants.** | : | |

## DECLARATION OF COMPLIANCE

I, the undersigned, hereby acknowledge that I have read the Protective Order entered in this action, understand the terms thereof, agree to be bound by such terms, and agree to be subject to the jurisdiction of said Court in all matters relating to said Protective Order. I acknowledge that I will treat all information designated as "Confidential" and/or "Highly Confidential" strictly in accordance with the terms and conditions of this Protective Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

Dated: _____        _____
                                       Signature

_____              _____
Address                               Print Name

KTBH: 4820-3496-3728, v. 1