UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ETHICON ENDO-SURGERY, INC., *et al.*, | : | Case No. 1:11-cv-871 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| COVIDIEN, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER TEMPORARILY GRANTING COVIDIEN'S MOTION TO FILE MOTION FOR SUMMARY JUDGMENT AND SUPPORTING DOCUMENTS UNDER SEAL (DOC. 180)**

### I.   INTRODUCTION

This civil action is before the Court regarding Defendants Covidien Inc., Covidien Sales LLC, and Covidien LP (hereinafter referred to collectively as "Covidien")'s motion to file motion for summary judgment and supporting documents under seal. (Doc. 180).

### II.   STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

There is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other, allowing litigants to shield those documents which are ultimately relied on in the Court's adjudication from public view. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id*. However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Three times in the past year the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify the non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail,

document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and common law right of access to court filings[]") (citation omitted); *see also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case. *Shane Grp.*, 825 F.3d at 307.

A district court which chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

Covidien's motion to seal requests that Covidien's forthcoming motion for summary judgment and supporting exhibits be sealed to protect "non-public and proprietary technical, research and development, and business information concerning

3

Covidien's accused Sonicision product and/or Ethicon's competing ultrasonic surgical products" contained within the documents. (Doc. 180, at 4). This Court has previously recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings. *The Procter & Gamble Co. v. Ranir, LLC*, Case No. 1:17-CV-185-TSB, Dkt. #35 (August 17, 2017) (defining "Confidential Information" as, at a minimum, including "non-public information" that contains "confidential trade secret, technical, business, financial, or personal information"). Accordingly, Covidien has provided a compelling reason to allow for the filing of documents under seal.

The Court recognizes that Covidien's motion to seal, while generally providing compelling justification for the sealing of confidential information, does not provide detailed, specific justification on a "document by document" basis as envisioned by the Sixth Circuit. *See Shane Grp.*, 825 F.3d at 305–06 (citing *Baxter Intern. Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Therefore, the Court will grant Covidien's motion on a temporary basis. If, after reviewing the filed documents, the Court finds that nondisclosure of some or all of the filed documents was unjustified, Covidien will be ordered to refile those documents on the public docket.

### IV.  CONCLUSION

Accordingly, Covidien's motion to seal (Doc. 180) is **GRANTED** on a temporary basis. Covidien may file copies of its forthcoming motion for summary judgment, memorandum in support of that motion, statement of proposed undisputed facts, and all exhibits referenced by the motion under seal. The Court will review the sealed

documents once they are filed and will inform Covidien if any of the documents must be filed on the public docket.

**IT IS SO ORDERED.**

Date:  9/20/17                                                                            */s/Timothy S. Black*
                                                                                                    Timothy S. Black
                                                                                                    United States District Judge